OPINION OF THE COURT
Per Curiam.
In this proceeding, the respondent is charged with two allegations of professional misconduct. The Special Referee sustained both charges. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent has submitted an affirmation in opposition in which she agrees with and adopts the Special Referee’s finding that she accept responsibility for her actions and asks that the Court consider the mitigating circumstances in making its decision.
Charge One alleged that the respondent has engaged in conduct that adversely reflects on her fitness to practice law by failing to comply with the lawful demands of the petitioner in connection with its investigations into allegations of professional misconduct. By letter dated July 25, 1994, the respondent was advised that the petitioner had commenced a sua sponte investigation based upon allegations that she neglected a criminal appeal and failed to respond to repeated letters from the Clerk of the Appellate Division, Second Department. The respondent was directed to submit, within 10 days, a written answer to the allegations, a completed attorney information form, and proof that she notified the Office of Court Administration of her change of address. The respondent failed to respond.
On August 15, 1994, Grievance Counsel telephoned the respondent and left a message on her answering machine. The respondent failed to reply. By letter dated August 15,1994, the respondent was directed to submit her written answer within 10 days and advised that her failure to do so could result in a motion for her suspension. The respondent again failed to reply.
Grievance Counsel telephoned the respondent and left messages on her answering machine on August 24 and September 13,1994. The respondent again failed to reply to the messages.
By letter dated September 13,1994, Grievance Counsel again directed the respondent to submit, within five days, her written answer, the completed attorney information form, and a *173 copy of her notification of change of address to the Office of Court Administration. The respondent was again advised that her failure to comply could result in a motion for her suspension. Once again, the respondent failed to answer.
Grievance Counsel telephoned the respondent and left messages on her answering machine on September 14, September 16, September 19, September 21, and September 23, 1994. The respondent did not reply to those messages.
By reason of her failure to submit a written answer to the petitioner’s sua sponte investigation, the completed attorney information form, or notification of her change of address, the respondent is charged with violating Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3).
Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice by failing to comply with the lawful demands by the petitioner in connection with its investigations into allegations of professional misconduct, based on the aforesaid facts, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3).
Upon review of the evidence adduced, we find that both charges of professional misconduct were properly sustained. Accordingly, the petitioner’s motion to confirm is granted.
In determining an appropriate measure of discipline to impose, we have considered the mitigation advanced by the respondent, including her medical problems and her previously unblemished record prior to her interim suspension. Under the circumstances, the respondent is suspended for an additional year.
In view of the difficulty which the petitioner has previously encountered in serving the respondent, Grievance Counsel requests leave to serve the respondent with the order emanating from this proceeding by mailing copies, via regular and certified mail, to her last two known addresses, one in Brooklyn and one in Atlanta, Georgia. The respondent has no objection.
Mangano, P. J., Bracken, Sullivan, Balletta and Santucci, JJ., concur.
Ordered that the petitioner’s motion to confirm the report of the Special Referee is granted; and it is further,
Ordered that the respondent, Debra A. Drexler, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said *174 period of one year upon furnishing satisfactory proof (a) that during the said period she refrained from practicing or attempting to practice law, (b) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that she has otherwise properly conducted herself; and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Debra A. Drexler, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that service of this order shall be made upon the respondent by mailing copies, via regular and certified mail, to her last two known addresses, in Brooklyn, New York, and Atlanta, Georgia.